# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------x

ANDREA SORRENTINO,

                       Plaintiff,

   - against -

ASN ROOSEVELT CENTER LLC d/b/a
ARCHSTONE WESTBURY,

                       Defendant.

------------------------------------------------------------x

Index No.. 07-021135
Purchased: NOVEMBER 28, 2007

Plaintiff designates
Nassau County

## SUMMONS

Plaintiff resides at:
1299 Corporate Drive
Westbury, New York 11590
County of Nassau

S I R:

    To the above named Defendant:

    You are hereby summoned to answer the annexed Complaint of the Plaintiff, ANDREA

SORRENTINO, a copy of which is herewith served upon you, together with all other pleadings,

and to serve copies of your answer upon the undersigned attorney for Plaintiff within 20 days

after service of the Summons and Complaint, exclusive of the day of service, or within 30 days

after service is complete if this Summons is not personally delivered to you within the state of

New York. In case of your failure to answer the Complaint of the Plaintiff, judgment will be

taken against you by default for the relief demanded in the Complaint.

Dated: White Plains, NY
     November 28, 2007

**RECEIVED**

NOV 2 8 2007
NASSAU COUNTY
COUNTY CLERK'S OFFICE

LOWEY, DANNENBERG BEMPORAD
SELINGER & COHEN, P.C.

By_____
      Richard W. Cohen
One North Broadway - Suite 509
White Plains, NY 10601-2310
Telephone:  (914) 997-0500

2091 / MISC / 00085398.WPD v1

TO:

ASN Roosevelt Center L.L.C.,
d/b/a "Archstone Westbury,"
1299 Corporate Drive
Westbury, NY  11590

2091 / MISC / 00085398.WPD v1

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------x

ANDREA SORRENTINO,                              :       Index No.
                                                :
                          Plaintiff,            :
                                                :
                                                :       **CLASS ACTION COMPLAINT**
         - against -                            :
                                                :
ASN ROOSEVELT CENTER LLC d/b/a                  :
ARCHSTONE WESTBURY,                             :       (JURY TRIAL DEMANDED)
                                                :
                          Defendant.            :
                                                :
-----------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, for her complaint, alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, based upon, inter alia, the investigation made by and through her attorneys, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and the tenants of Archstone Westbury, a 21 building apartment complex built and maintained by Defendant ASN Roosevelt Center, L.L.C. d/b/a Archstone Westbury. On November 27, 2007, Plaintiff was notified that all of the buildings at Archstone Westbury had experienced "water intrusion issues" and mold infestation. All the buildings have to be vacated in order to complete extensive reconstruction and repair work. Plaintiff was given until March 31, 2008 to vacate her apartment.

2.      Plaintiff and class members have lived in an unsafe environment, exposed to hazardous mold, and have suffered and incurred, and will continue to incur, significant property

2091 / CMP / 00085377.WPD v2

damage and other losses as a result of the mold infestation of their apartment buildings and the precipitous termination of their leases. In addition, Plaintiff and other members of the Class have experienced illnesses of an unexplained nature while residing at Archstone Westbury and remain at risk and have a reasonable apprehension of future illness due to their exposure to mold.

## THE PARTIES

3.       Plaintiff Andrea Sorrentino is a tenant of 1299 Corporate Drive, Westbury, NY, a 21 building apartment complex in Westbury, New York which is known as "Archstone Westbury" and has resided there since June 15, 2006. Plaintiff executed a lease with Defendant Archstone Westbury for the period between June 15, 2006 and August 14, 2008.

4.       Defendant ASN Roosevelt Center L.L.C., d/b/a "Archstone Westbury," is a Delaware limited liability company with offices at 1299 Corporate Drive, Westbury, New York 11590, and 9200 East Panorama Circle, Englewood, CO 80112. Defendant is listed as the owner of the Archstone Westbury property on the deed filed with the County of Nassau. Defendant is the landlord and managing agent for the Archstone Westbury apartment complex. At all times relevant hereto, Defendant, its agents, servants, and/or employees, operated, managed, maintained and controlled the Archstone Westbury apartment complex.

## CLASS ACTION ALLEGATIONS

5.       Plaintiff brings this action on her own behalf and as a class action on behalf of all tenants who lived at Archstone Westbury pursuant to leases with Defendant on or prior to November 27, 2007, and their successors in interest (the "Class"). Excluded from the Class are Defendant and any officer, director, member, partner, parent or subsidiary of Defendant.

6.       This action is properly maintainable as a class action pursuant to CPLR 901 for the following reasons:

     a.     The Class of Archstone Westbury tenants for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable.  There are currently more than 400 tenants residing at Archstone Westbury.

     b.     The exact current number of Class members is unknown to the Plaintiff at this time, but their identities are known to Defendant and can easily be ascertained through discovery from Defendant.

     c.     There are questions of law and fact which are common to members of the Class and which predominate over any questions affecting only individual members.  The common questions include, inter alia, the following:

          (i)     whether Defendant negligently constructed and/or managed the 21 building Archstone Westbury apartment complex in such as manner as to permit the development of harmful mold and other conditions which damaged the health of Archstone Westbury tenants at and/or placed them at significant risk or reasonable ongoing apprehension of health risk;

          (ii)     whether Plaintiff and the other members of the Class have suffered personal injury and/or  property damage as a result of Defendants' negligence;

          (iii)     whether Defendant breached the implied covenants of quiet enjoyment and the warranty of habitability owed to tenants under New York law; and

          (iv)     whether Defendants have been unjustly enriched at the expense of Plaintiff and the other members of the Class.

     d.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has the same interests as the other members of the Class.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

## FACT ALLEGATIONS

7.     In a letter dated November 2007 (the 'November letter"), Defendant notified Archstone Westbury tenants that all 21 buildings in the apartment complex have experienced severe water damage and that the significant reconstruction necessary cannot be performed while the buildings are occupied.

8.     In the November letter, Archstone Westbury stated that it was still investigating but believes the water intrusion was caused by "a combination of several possible factors involving the construction, design, and the products used to build the Westbury complex."

9.     The November letter confirmed that mold, a serious health hazard, has been found in the spaces between the exterior and interior wall surfaces of the buildings.

10.     In an article dated November 27, 2007, <u>Newsday</u> reported that:

> Hundreds of residents of a brand-new luxury complex in Westbury - home to New York Jets players and low-income residents alike - were told last night that they have four months to leave the mold and mildew-plagued buildings which residents said have sickened them with respiratory ailments.
>
> ...
>
> Residents of the three-story, brick-faced units in the gated community near The Source mall called the situation outrageous and disgusting and said they've endured leaky windows and grotesque mold growing right in their homes.
>
> Katie Coleman, 27, the wife of Jets defensive end Kenyon Coleman, said she and her 2- and 3-year-old children developed nasty coughs soon after she moved into the complex in March, so she got the air in the home tested and complained to management, which she said did not address the problem. But she got a clue that something was really amiss when she saw a massive mold mushrooming on a windowsill in her three-bedroom apartment. She moved out in August.
>
> "I couldn't clear my throat and my kids had coughs," she said. "Archstone said there wasn't anything wrong, but I had water damage in my apartment and my children were sick."

2091 / CMP / 00085377.WPD v2                    4

11.     A photograph accompanying the article clearly shows a large plume of mold growing inside one of the apartments at Archstone Westbury, belying Defendant's claim in the November letter that the presence of mold is limited to the spaces between the exterior and interior walls of the buildings.

12.     Plaintiff and all other tenants have been given until March 31, 2008 to vacate their apartments.

13.     Plaintiff and the other members of the Class have sustained and will continue to incur significant property damage and other economic damages as a result of the water damage and mold infestation present in their apartments.  Such losses may include but are not limited to the costs of replacing or restoring property damaged by water and/or exposed to mold, the need to have their apartments, clothing and personal possessions inspected for the presence of harmful molds and professionally cleaned, moving expenses and other expenses necessary or incidental to finding new apartments and the costs of diagnostic, curative and preventive medical care for illnesses related to mold exposure.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence against all Defendants)

14.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

15.     Defendant breached its duty under New York law to maintain leased property in a reasonably safe condition under the extant circumstances through their faulty construction and/or operation and maintenance of the Archstone Westbury complex.  The Defendant's failure to have the building constructed and maintained in a manner consistent with industry customs, practice

and standards caused the extensive water intrusion and subsequent mold infestation which rendered all of the apartments unsafe and uninhabitable.

16.     As a direct and proximate result of the negligence of Defendant, Plaintiff and all members of the Class have suffered property damage and actual or potential personal injury, and are entitled to recover from Defendant the damages incurred as a result of the activity complained of above.

### AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Covenant of Quiet Enjoyment)

17.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

18.     Plaintiff and all the members of the class have signed lease agreements under the terms of which they are entitled to reside in their apartments until the end of the term of the lease.

19.     Defendant has summarily terminated the leases of all Archstone Westbury tenants and have ordered Plaintiff and the members of the Class to vacate their apartments by March 31, 2008.

20.     As a result of Defendant's termination of the leases of Plaintiff and the members of the Class, the Defendant has breached the Implied Covenant of Quiet Enjoyment and have thereby caused Plaintiff and the members of the Class economic damages.

21.     As a result of the water and mold contamination of their apartments, Defendant has breached the implied covenant of quiet enjoyment and thereby caused Plaintiff and the members of the Class economic damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach Implied Warranty of Habitability against all Defendants)

22.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

23.     By virtue of the acts complained of herein, Defendants have violated New York Real Property Law § 235-b.

24.     The water damage and mold infestation in the apartments of Plaintiff and the other members of the Class created conditions which are dangerous, hazardous and detrimental to the life, health and safety of the Plaintiff and the members of the Class and thus rendered the apartments unfit for human habitation in violation of the Implied Warranty of Habitability under New York Real Property Law § 235-b.

25.     As a result of this violation Plaintiff and the members of the class have suffered damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (For Unjust Enrichment against all Defendants)

26.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

27.     By reason of having secured the luxury rent payments of Plaintiff and all the members of the Class without providing safe and habitable apartments or apartments worth the value of the rent due to the undisclosed and unsafe water and mold conditions and the costly health, financial, and life altering changes necessitated thereby, including but not limited to class members' imminent eviction, Defendants have obtained and retained excess rents to their own benefit and to the detriment and exclusion of Plaintiff and the Class, contrary to the fundamental principles of justice, equity and good conscience.

28.     Plaintiff and the Class are entitled to equitable restitution in an amount equal to the benefits unjustly retained by Defendant.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (For Medical Monitoring)

29.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

30.     By virtue of the acts complained of herein, Defendants have caused Plaintiff and all the members of the Class reasonable apprehension of serious illness attributable to living in mold-infested apartments at Archstone Westbury.

31.     As a direct and proximate result of the negligence of Defendant, Plaintiff and all members of the Class will need to secure ongoing diagnostic, curative and preventative medical care because of their petential exposure to toxic mold, and Defendant should be required in equity to provide funding for a court-approved medical monitoring process to provide such care.


WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A.      Declaring that Defendants have negligently caused injury to Plaintiff and other members of the Class;

B.      Declaring that Defendants have breach their implied covenant of quiet enjoyment and warranty of habitability;

C.      Declaring that Defendants have been unjustly enriched;

D.      Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class;

E.      Awarding Plaintiff and the Class abatement of rents paid to Defendants;

F.     Awarding Plaintiff and the Class compensatory damages, together with appropriate prejudgment interest at the minimum rate allowable by law;

G.     Awarding Plaintiff and the Class appropriate equitable relief in the form of medical monitoring and a constructive trust over past and future rents and security deposits;

H.     Awarding Plaintiff and the Class their costs and expenses for the litigation, including reasonable attorneys' fees and other disbursements; and

I.     Granting such other and further relief as this Court deems to be necessary and appropriate.

Dated: November 28, 2007

LOWEY, DANNENBERG BEMPORAD
SELINGER & COHEN, P.C.

By: _____
    Richard W. Cohen
    Jeanne D'Esposito
    Scott V. Papp
One North Broadway - Suite 509
White Plains, NY  10601-2310
telephone:      (914) 997-0500
telecopier:     (914) 997-0035


*Attorneys for Plaintiff*

- and -

Mark Manus
LIPSIG SHAPEY MANUS
      & MOVERMAN, P.C.
40 Fulton Street
New York, NY  10038-1850
telephone:  (212) 285-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ANDREA SORRENTINO,

Plaintiff,

-against-

ASN ROOSEVELT CENTER LLC d/b/a ARCHSTONE WESTBURY,

Defendant

---

---

## SUMMONS AND COMPLAINT

---

LOWEY, DANNENBERG, BEMPORAD
SELINGER & COHEN, P.C.
Attorneys for Plaintiff
One North Broadway, Suite 509
White Plains, NY 10601-2310
914-997-0500

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/29/2007
CT Log Number 512832022

TO: Chris Jones, Attorney
Archstone-Smith
9200 E. Panorama Circle, Suite 400
Englewood, CO 80112

RE: **Process Served in New York**

FOR: ASN Roosevelt Center LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

TITLE OF ACTION: Andrea Sorrentino, Pltf. vs. ASN Roosevelt Center LLC, etc., Dft.

DOCUMENT(S) SERVED: Summons, Complaint

COURT/AGENCY: Nassau County: Supreme Court, NY
Case # 07-021135

NATURE OF ACTION: Class Action - Seeking judgment against Dft. for unjust enrichment, breach of implied warranty due to water damage and other economic damages to apartments

ON WHOM PROCESS WAS SERVED: C T Corporation System, New York, NY

DATE AND HOUR OF SERVICE: By Process Server on 11/28/2007 at 16:10

APPEARANCE OR ANSWER DUE: Within 20 days after the service, exclusive of the day of service

ATTORNEY(S) / SENDER(S): Richard W. Cohen
Lowey, Dannenberg Bemporad Selinger & Cohen, P.C.
One North Broadway
Suite 509
White Plains, NY 10601-2310
914-997-0500

ACTION ITEMS: SOP Papers with Transmittal, via Fed Ex 2 Day , 798318880188
Image SOP - Page(s): 13
Email Notification, Tom Reit treif@archstonesmith.com
Email Notification, Chris Jones cjones@archstonesmith.com

SIGNED: C T Corporation System
PER: Christopher Tilton
ADDRESS: 111 Eighth Avenue
New York, NY 10011
TELEPHONE: 212-894-8940

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

| | |
|---|---|
| ANDREA SORRENTINO, D'ANGELO AND PATRICIA JACKSON, LOUIS APA, STEVEN ANDELMAN, PEEDO AND SAIFON PITUK, MANNY DELMAS AND BARBARA LINDON, CHANDEEP SODHI, JASPREET SODHI, JACLYN TESORIERO, KIMBERLY CILONE, MARIE VARALLO, and HSIANGCHI HSU, individually and on behalf of themselves and all other persons similarly situated, | Civil Action No. 07 / 021135 <br><br> **AMENDED CLASS** <br> **ACTION COMPLAINT** <br><br> (JURY TRIAL DEMANDED) |

Plaintiffs,

-against-

ASN ROOSEVELT CENTER, LLC d/b/a ARCHSTONE
WESTBURY, ARCHSTONE SMITH COMMUNITIES
LLC, ARCHSTONE SMITH OPERATING TRUST,
JOHN DOE CORPORATION 1 THROUGH X,

Defendants.

RECEIVED

JAN 0 7 2008

NASSAU COUNTY
COUNTY CLERKS OFFICE

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all other persons similarly situated, by their

undersigned attorneys, for their complaint, allege upon personal knowledge as to themselves and

their own acts, and upon information and belief as to all other matters, based upon, inter alia, the

investigation made by and through their attorneys, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action on behalf of themselves and the tenants of Archstone

Westbury, a 21 building apartment complex (the "Archstone Complex") built, maintained and

owned by Defendants ASN Roosevelt Center, LLC, d/b/a Archstone Westbury, Archstone Smith

01/07/2008  16:45    5165993505                    VILLAGECARDS                    PAGE  05

Communities LLC, the Archstone Smith Operating Trust and John Doe Corporations 1 through

X (collectively, "Archstone").  On or about November 27, 2007, Plaintiffs were suddenly

informed that all of the buildings at Archstone Complex had experienced "water intrusion issues"

and mold infestation.  Plaintiffs were further told that the Defendants would be terminating each

and every lease and that all of the buildings have to be vacated in order to complete extensive

reconstruction and repair work.  Plaintiffs were given until March 31, 2008 to vacate their

apartments.

       2.     Due to the Defendants' negligence and misrepresentations, Plaintiffs and all other

members of the Class have lived in an unsafe environment, have been exposed to hazardous

bacteria and mold conditions, and have suffered and incurred, and will continue to incur,

significant property damage and other losses as a result of the elevated levels of bacteria and

mold at the Archstone Complex and the precipitous termination of their leases.  In addition, some

of the Plaintiffs and all other members of the Class have experienced illnesses of an unexplained

nature while residing at the Archstone Complex and all members of the Class remain at risk and

have a reasonable apprehension of future illness due to their exposure to water-borne bacteria

and mold.

## THE PARTIES

**A.**    **Plaintiffs**

       3.     Plaintiff Andrea Sorrentino ("Sorrentino") is a former tenant at the Archstone

Complex, and resided there from June 15, 2006 to December 15, 2007.  Sorrentino executed a

lease with Archstone for the period June 15, 2006 through August 14, 2008 and paid rent of

approximately $3,075.00 per month.

       4.     Plaintiffs D'Angelo Jackson and Patricia Jackson (the "Jacksons") are current

tenants at the Archstone Complex and have resided there since September 15, 2007.  The

Jacksons executed a lease with Archstone for the period September 15, 2007 through September

15, 2008 and pay rent in the amount of $2,700.00 per month.

     5.     Plaintiffs Richard McCray and Tiara McCray (the "McCrays") are former tenants

at the Archstone Complex and resided from March, 2007 until December 2007.  The McCrays

executed a lease with Archstone for the period March, 2007 through March, 2008 and paid rent

in the amount of $2,000.00 per month.

     6.     Plaintiff Louis Apa ("Apa") is a current tenant at the Archstone Complex and has

resided there since September 1, 2007.  Apa executed a lease with Archstone for the period of

September 1, 2007 through August 31, 2008 and pays rent in the amount of $2,350.00 per month.

     7.     Plaintiff Steven Andelman ("Andelman") is a former tenant at the Archstone

Complex and resided there beginning in August, 2006.  Andelman executed a lease with

Archstone for the period August, 2006 through August 31, 2007 and paid rent in the amount of

$2,340.00 per month.  Andelman currently resides in East Meadow, NY.

     8.     Plaintiffs Peedo Pituk and Saifon Pituk (the "Pituks") are former tenants at the

Archstone Complex and resided there since May, 2007.  The Pituks executed a lease with

Archstone for the period May 2007 through May 2008 and paid rent in the amount of $2,645.00

per month.  The Pitucks currently reside in East Meadow, NY.  The Peituks had to discard a

child's dresser after discovery that it was covered with mold.

     9.     Plaintiffs Manny Delmas and Barbara Lidon (the "Delmases") are former tenants

at the Archstone Complex and have resided there since June, 2006.  The Delmases executed a

lease with Archstone for the period June, 2006 through June, 2007 and subsequently renewed

their lease for one year in June, 2007.  The Delmases paid rent in the amount of $2,900.00 per

month.

10.     Plaintiffs Chandeep Sodhi and Jaspreet Sodhi (the "Sodhis") are current tenants at the Archstone Complex and have resided there since September 15, 2007. The Sodhis executed a lease with Archstone for the period September 15, 2007 through September 15, 2008. The Sodhis pay rent in the amount of $2,825.00 per month.

11.     Plaintiffs Jaclyn Tesoriero and Kimberly Cilone ("Tesoriero/Cilone") are current tenants at the Archstone Complex and have resided there since December, 2006. Tesoriero/Cilone executed a lease with Archstone for the period December, 2006 through November, 2007 and subsequently renewed their lease on or about November 15, 2007. Tesoriero/Cilone pay rent in the amount of $2,550.00 per month.

12.     Plaintiff Marie Varallo ("Varallo") is former tenant at the Archstone Complex and resided there beginning in January, 2007. Varallo executed a lease with Archstone for the period January 2007 through January 2008 and paid rent in the amount of $3,125.00 per month. Varallo currently resides in Morrisville, North Carolina.

13.     Plaintiff Hsiangchi Hsu ("Hsu") is current tenant at the Archstone Complex and has resided there beginning in October, 2007. Hsu executed a lease with Archstone for the period October, 2007 through October, 2008 and pays rent in the amount of $2,385.00 per month.

14.     Plaintiffs Sorrentino, the Jacksons, the McCrays, Apa, the Ashrafs, Andelman, the Pituks, the Delmases, the Sodhis, Tesoriero/Cilone, and Varallo are collectively referred to herein as "Plaintiffs."

**B.     Defendants**

15.     Defendant ASN Roosevelt Center L.L.C., d/b/a "Archstone Westbury"

(hereinafter "Archstone Westbury"), is a Delaware limited liability company with offices at 1299

Corporate Drive, Westbury, New York 11590, and 9200 East Panorama Circle, Englewood, CO

80112. Defendant Archstone Westbury is listed as the owner of the Archstone Westbury

property on the deed filed with the County of Nassau. Defendant Archstone Westbury is the

landlord and managing agent for the Archstone Westbury apartment complex. At all times

relevant hereto, Defendant Archstone Westbury, its agents, servants, and/or employees, operated,

managed, maintained and controlled the Archstone Westbury apartment complex.

16.     Defendant Archstone Smith Communities LLC is a Delaware limited liability

company with its principal place of business located at 9200 E. Panorama Circle, Suite 400,

Englewood, Colorado 80112. At all times relevant, Archstone smith Communities LLC was a

wholly-owned subsidiary of Defendant Archstone Smith Operating Trust.

17.     Defendant Archstone-Smith Operating Trust is a foreign real estate investment

trust organized under the laws of Delaware, with its principal place of business located at 9200 E.

Panorama Circle, Suite 400, Englewood, Colorado 80112. At all times relevant, Archstone

Westbury was a wholly-owned subsidiary of Defendant Archstone Smith Operating Trust.

18.     Defendants John Doe Corporations 1 through X, are entities which have an

ownership interest in and/or are responsible for the maintenance of the Archstone Complex.

19.     Defendants ASN Roosevelt Center LLC d/b/a "Archstone Westbury," Archstone

Westbury Communities LLC, Archstone-Smith Operating Trust and John Doe Corporations 1

through X are collectively referred to herein as "Defendants."

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action on their own behalf and as a class action on behalf of

01/07/2008  16:45    5165993505              VILLAGECARDS                    PAGE   09

all tenants who lived at Archstone Westbury pursuant to leases with Defendants executed on or

prior to November 27, 2007, and their successors in interest (the "Class").  Excluded from the

Class are Defendants and any officer, director, member, partner, parent or subsidiary of

Defendants.

      21.    This action is properly maintainable as a class action pursuant to CPLR 901 for

the following reasons:

      a.    The Class of Archstone Westbury tenants for whose benefit this action is

brought is so numerous that joinder of all Class members is impracticable.  At the time of the

actions complained of herein, there were more than 400 tenants residing at the Archstone

Complex.

      b.    The exact current number of Class members is unknown to the Plaintiffs at

this time, but their identities are known to Defendants and can easily be ascertained through

discovery from Defendants.

      c.    There are questions of law and fact which are common to members of the

Class and which predominate over any questions affecting only individual members.  The

common questions include, inter alia, the following:

           (i)    whether Defendants negligently constructed and/or
managed the 21 building Archstone Westbury apartment complex
in such as manner as to permit the development of harmful mold
and other conditions which damaged the health of Archstone
Westbury tenants at and/or placed them at significant risk or
reasonable ongoing apprehension of health risk;

           (ii)    whether Plaintiffs and the other members of the
Class have suffered personal injury and/or property damage as a
result of Defendants' negligence;

           (iii)    whether Defendants breached the implied covenants
of quiet enjoyment and the warranty of habitability owed to tenants
under New York law; and

       (iv)     whether Defendants' acts or practices were materially deceptive or misleading under New York General Business Law § 349.

       d.     Plaintiffs are committed to prosecuting this action and have retained competent counsel experienced in litigation of this nature. Plaintiffs' claims are typical of the claims of the other members of the Class, and Plaintiffs have the same interests as the other members of the Class. Accordingly, Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.

## FACT ALLEGATIONS

22.     On or about February 10, 2003, Defendants obtained permits from the Town of Hempstead to construct the Archstone Complex.

23.     Soon after construction was completed, the Archstone Complex began experiencing water intrusion problems in many buildings.

24.     Certain Plaintiffs notified Archstone of the water intrusion problems that existed in their apartments. For example, the Delmases informed the Defendants on or about September 3, 2006 that during a heavy rainstorm, water was pouring through the windows of the master bedroom of their apartment.

25.     Rather than taking steps to the cure the water intrusion problems, the Archstone Complex dealt with the water damage in the Delmas apartment cosmetically by painting over water stains and by cleaning the carpet surrounding the window. Maintenance staff informed the Delmases that they could not fix the problem that was causing the leaks because it was a "warranty issue" with the builder and that the contractor responsible for the problem had been contacted.

26.     The Delmases continued to experience severe leaks through their master bedroom

windows during the following months.  On each occasion, they submitted a repair request through the Archstone Westbury maintenance website at www.myarchstone.com.  This website is maintained by the Defendants for the purpose, among other things, of servicing requests from residents at the Archstone Complex.

27.     On each of these occasions, the maintenance staff at the Archstone Complex repaired the water damage inside the apartment and noted on www.myarchstone.com that the leaks were a "warranty issue."

28.     Many of the Plaintiffs made similar complaints throughout 2006 and 2007 to the Defendants concerning the severe water leaks in their apartments.  Such leaks usually came from the windows of exterior walls and through the front doors of apartments leading from the common hallways.  In virtually every case, the maintenance staff repaired the damage caused by the water but claimed to be unable to resolve the underlying problem causing the leaks.

29.     Many of the Plaintiffs have also seen water  pooling  in the common hallways during rainstorms and note that such pools of water often take days to drain or evaporate away.

30.     There is substantial evidence of mold and water damage on the common hallway ceilings and stairwells of virtually every building in the complex.  In many instances, the mold was painted over but continued to grow through the paint.

31.     Several of the Plaintiffs were told by the maintenance staff that every building was experiencing leaks and at least one tenant was told "we have no solution" for the problem.

32.     In May 2007, Archstone was sued for non-payment by at least two contractors, Davinci Construction of Nassau, Inc. ("Davinci") and FJR Construction ("FJR").  Both Davinci and FJR worked on the construction and/or renovation of the buildings at the Archstone Complex.  In its answers to the complaints filed by each of those contractors, both dated June 25,

2007, Archstone claims that the contractors performed substandard work.

33.    Sometime in 2006, Defendants attempted to address the water intrusion problems in building 2 of the complex and substantial structural repairs were done to the exterior of that building.

34.    Despite knowing since at least 2006 that there were significant water intrusion issues in all the buildings of the complex, at no time prior to November 2007 did the Defendants share with the Plaintiffs or the other members of the Class its knowledge about water intrusion problems at Archstone Complex or give any warning of the potentially dangerous and hazardous levels of bacteria and mold throughout the Archstone Complex.

35.    Despite knowing that all of the tenant buildings in the Archstone complex were experiencing severe water intrusion problems and that such water intrusion had created severe damage and mold conditions, Defendants continued to sign new leases and to renew existing leases with the Plaintiffs and other members of the Class.

36.    For example, Louis Apa signed a new lease with Defendants on September 10, 2007. Defendants never informed Apa of the severe water intrusion and mold problems that exist at the Archstone Complex. Other tenants, the Jacksons, signed a new lease on September 15, 2007. Plaintiffs Tesoriero and Cilone renewed their lease on or about November 15, 2007, less than two weeks before Archstone notified all tenants that it was terminating all leases. The Defendants never informed the Jacksons or Tesoriero/Cilone of the severe water intrusion problems and mold that exists at the Archstone Complex.

37.    In addition to Apa, the Jacksons, and Tesoriero/Cilone, many other tenants either signed new leases or renewed existing leases without being informed of the severe water intrusion problems and mold infestation that was occurring at the Archstone Complex during the

entire period it has been in operation.

38.     In a letter dated November 26, 2007 (the 'November letter"), Defendants notified

each and every tenant in all 21 buildings of the Archstone Complex that the Archstone Complex

had experienced severe water damage and that the significant reconstruction necessary to correct

the problem could not be performed while the buildings are occupied.

39.     In the November letter, Archstone stated that it was still investigating but believes

the water intrusion was caused by "a combination of several possible factors involving the

construction, design, and the products used to build the Westbury complex."

40.     The November letter confirmed that mold, a serious health hazard, has been found

in the spaces between the exterior and interior wall surfaces of the buildings.

41.     In an article dated November 27, 2007, <u>Newsday</u> reported that:

> Hundreds of residents of a brand-new luxury complex in Westbury
> - home to New York Jets players and low-income residents alike -
> were told last night that they have four months to leave the mold
> and mildew-plagued buildings which residents said have sickened
> them with respiratory ailments.
>
> . . . .
>
> Residents of the three-story, brick-faced units in the gated
> community near The Source mall called the situation outrageous
> and disgusting and said they've endured leaky windows and
> grotesque mold growing right in their homes.
>
> Katie Coleman, 27, the wife of Jets defensive end Kenyon
> Coleman, said she and her 2- and 3-year-old children developed
> nasty coughs soon after she moved into the complex in March, so
> she got the air in the home tested and complained to management,
> which she said did not address the problem. But she got a clue that
> something was really amiss when she saw a massive mold
> mushrooming on a windowsill in her three-bedroom apartment.
> She moved out in August.
>
> "I couldn't clear my throat and my kids had coughs," she said.
> "Archstone said there wasn't anything wrong, but I had water

damage in my apartment and my children were sick."

42.     A photograph accompanying the article clearly shows a large plume of mold growing inside one of the apartments at the Archstone Complex, belying Defendants' claim in the November letter that the presence of mold is limited to the spaces between the exterior and interior walls of the buildings.

43.     After the November Letter, Defendants retained a Certified Industrial Hygenist to conduct a visual inspection all of the units at Archstone Westbury for water damage and evidence of mold.  Based upon those inspections, there are at least 30 to 40 still occupied apartments at the complex where Defendants have made the determination that the presence of mold inside the apartments requires immediate remediation.

44.     Defendants also conducted inspections of each apartment to determine if water had damaged electrical wiring or circuitry.

45.     Plaintiffs and all other tenants have been given until March 31, 2008 to vacate their apartments.

46.     Following the November Letter, the tenants at Archstone Westbury have been subjected to chaotic living conditions with numerous moving vans blocking the roadways to the units, the presence of media and news organizations covering the story of the forced eviction of all tenants, numerous vendors and brokers distributing leaflets on cars and doorways and accosting tenants as they attempt to drive into the complex, and at least two "mandatory" inspections by Archstone personnel and/or agents for issues relating to water intrusion and mold.

47.     Plaintiffs and the other members of the Class have sustained and will continue to incur significant property damage and other economic damages as a result of the water damage and mold infestation present in their apartments.  Such losses may include but are not limited to

2091 / CMP / 00086034.WPD v4                          11

01/07/2008  16:45   5165993505              VILLAGECARDS                        PAGE  15

the costs of replacing or restoring property damaged by water and/or exposed to mold, the need

to have their apartments, clothing and personal possessions inspected for the presence of harmful

molds or water-borne bacteria, and professionally cleaned, moving expenses and other expenses

necessary or incidental to finding new apartments and the costs of diagnostic, curative and

preventive medical care for illnesses related to mold exposure.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Negligence against all Defendants)

48.     Plaintiffs hereby incorporate by reference all prior allegations contained in the

Complaint as if fully set forth herein.

49.     Defendants breached their duty under New York law to maintain leased property

in a reasonably safe condition under the extant circumstances through their faulty construction

and/or operation and maintenance of the Archstone Complex.  The Defendants' failure to have

the building constructed and maintained in a manner consistent with industry customs, practice

and standards caused the extensive water intrusion and subsequent bacteria and mold conditions

which rendered all of the apartments unsafe and uninhabitable.

50.     As a direct and proximate result of the negligence of the Defendants, Plaintiffs

and all members of the Class have suffered property damage and actual or potential personal

injury, and are entitled to recover from Defendants the damages incurred as a result of the

activity complained of above.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Breach of Covenant of Quiet Enjoyment)

51.     Plaintiffs hereby incorporate by reference all prior allegations contained in the

Complaint as if fully set forth herein.

52.     Plaintiffs and all the members of the Class have signed lease agreements under the terms of which they are entitled to reside in their apartments until the end of the term of the lease.

53.     Defendants have summarily terminated the leases of all the Archstone Complex tenants and have ordered Plaintiffs and the members of the Class to vacate their apartments by March 31, 2008.

54.     After learning of the sever water intrusion problem and mold contamination in the Archstone Complex, numerous Plaintiffs and many members of the Class vacated, and will continue to vacate, their apartments in the Archstone Complex.

55.     As a result of Defendants' termination of the leases of Plaintiffs and the members of the Class, the Defendants have evicted all tenants and breached the Implied Covenant of Quiet Enjoyment and have thereby caused Plaintiffs and the members of the Class economic damages.

56.     As a result of the water intrusion and the contamination of all tenant apartments with bacteria and mold, Defendants have breached the implied covenant of quiet enjoyment and thereby caused Plaintiffs and the members of the Class economic damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach Implied Warranty of Habitability against all Defendants)

57.     Plaintiffs hereby incorporate by reference all prior allegations contained in the Complaint as if fully set forth herein.

58.     By virtue of the acts complained of herein, Defendants have violated New York Real Property Law § 235-b.

59.     The water damage and elevated levels of bacteria and mold in the apartments of Plaintiffs and the other members of the Class has created conditions which are dangerous, hazardous and detrimental to the life, health and safety of the Plaintiffs and the members of the

2091 / CMP / 00086034.WPD v4                    13

Class and thus rendered the apartments unfit for human habitation in violation of the Implied Warranty of Habitability under New York Real Property Law § 235-b.

60.     As a result of this violation Plaintiffs and the members of the class have suffered damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (For Medical Monitoring Against All Defendants)

61.     Plaintiffs hereby incorporate by reference all prior allegations contained in the Complaint as if fully set forth herein.

62.     By virtue of the acts complained of herein, Defendants have caused Plaintiffs and all the members of the Class reasonable apprehension of serious illness attributable to living in apartments at the Archstone Complex which are infested with mold and/or contain elevated levels of bacteria.

63.     As a direct and proximate result of the negligence of the Defendants, Plaintiffs and all members of the Class will need to secure ongoing diagnostic, curative and preventative medical care because of their potential exposure to toxic mold, and the Defendants should be required in equity to provide funding for a court-approved medical monitoring process to provide such care.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (For Violations of New York General Business Law § 349 Against All Defendants)

64.     Plaintiffs hereby incorporate by reference all prior allegations contained in the Complaint as if fully set forth herein.

65.     At all times relevant, the Defendants did market and advertise its apartments for rent located at the Archstone Complex and disseminated that information to all consumers and

2091 / CMP / 00086034.WPD v4                            14

the public at large.

66.    At all times relevant, the Defendants utilized standard form leases when contracting with Plaintiffs, and all members of the Class, who agreed to rent an apartment at the Archstone Complex.

67.    By engaging in the following conduct, the Defendants committed materially deceptive acts or practices in violation of New York's General Business Law § 349:

    a.   Defendants failed to disclose to Plaintiffs, and all members of the Class, that all the tenant buildings in the Archstone Complex were experiencing severe leaks and water intrusion issues;

    b.   Defendants failed to disclose to Plaintiffs, and all members of the Class, the known dangerous and hazardous conditions that existed at the Archstone Complex prior to contracting with Plaintiffs, and all members of the Class, to lease or re-lease apartments at the Archstone Complex; and

    c.   Defendants failed to disclose to Plaintiffs, and all members of the Class, that Archstone would not be honoring the full terms of the leases into and had already made plans to terminate all leases and shut down the Archstone complex for a period of more than one year.

68.    As a result of the Defendants deceptive acts and practices in violation of New York's General Business Law § 349, Plaintiffs were induced to sign leases to rent or continue to inhabit and pay rent for apartments at the Archstone Complex.  In addition, Plaintiffs and the other members of the Class were induced to incur moving costs to move into the complex and to pay Archstone various one time or annual fees, including but not limited to application and amenities fees.

69.    Defendants failure to disclose the known dangerous and hazardous conditions that existed at the Archstone Complex caused Plaintiffs and all members of the Class to be injured

and to suffer severe economic damages.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for judgment and relief as follows:

A.     Declaring that Defendants have negligently caused injury to Plaintiffs and other members of the Class;

B.     Declaring that Defendants have breached their implied warranty of habitability;

C.     Declaring that Defendants have breach their implied covenant of quiet enjoyment;

D.     Declaring that Defendants have violated New York General Business Law § 349;

E.     Declaring this action to be a proper class action and certifying Plaintiffs as the representatives of the Class;

F.     Awarding Plaintiffs and the Class abatement of rents paid to Defendants;

G.  .  Awarding Plaintiffs and the Class actual damages;

H.     Awarding Plaintiffs and the Class compensatory damages, together with appropriate prejudgment interest at the minimum rate allowable by law;

I.     Awarding Plaintiffs and the Class appropriate equitable relief in the form of medical monitoring;

J.     Awarding Plaintiffs and the Class their costs and expenses for the litigation, including reasonable attorneys' fees and other disbursements; and

K.    Granting such other and further relief as this Court deems to be necessary and

appropriate.

Dated: January 7, 2008

LOWEY DANNENBERG COHEN, P.C.

By:  *Richard W. Cohen*

Richard W. Cohen
Jeanne D'Esposito
Scott V. Papp
One North Broadway - Suite 509
White Plains, NY  10601-2310
telephone:     (914) 997-0500
telecopier:    (914) 997-0035

*Attorneys for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
ANDREA SORRENTINO,

                         Plaintiff,

        -against-

ASN ROOSEVELT CENTER LLC d/b/a ARCHSTONE
WESTBURY,

                         Defendants.

-----------------------------------------------------------------X

Index No.: 07-021135

**NOTICE OF MOTION TO
DISMISS IN LIEU OF
ANSWER**

**TO ALL COUNSEL:**

      **PLEASE TAKE NOTICE,** that upon the annexed Affirmation of William Vita, Esq., dated December 14, 2007, and attached exhibits, the Affidavit of Linda Early, dated December 14, 2007, the Affidavit of Dr. William J. Nassetta, dated December 14, 2007, and the accompanying Memorandum of Law, defendant ASN Roosevelt Center LLC d/b/a Archstone Westbury will move this Court on the 10th day of January, 2008, or as soon thereafter as counsel can be heard, at the Courthouse located at 100 Supreme Court Drive, Mineola, New York, for an Order pursuant to CPLR 3211(a)(7):

                (i)    dismissing the second, fourth and fifth causes of action set forth in plaintiff's class action complaint;

                (i)    dismissing plaintiff's request to impose a constructive trust over past and future rents and security deposits; and

                (ii)   granting such other and further relief as this Court deems just, proper and equitable.

**PLEASE TAKE FURTHER NOTICE,** pursuant to CPLR 2214(b), answering affidavits, if any, are required to be served upon the undersigned at least seven (7) days before January 10, 2008.

Defendant requests oral argument.

Dated: Mineola, New York
       December 14, 2007

                                    WESTERMAN BALL EDERER
                                    MILLER & SHARFSTEIN, LLP,

                                    BY: _____
                                         WILLIAM E. VITA
                                    170 Old Country Road, Suite 400
                                    Mineola, NY 11501
                                    (516) 622-9200
                                            and
                                    PETER STRAND, ESQ.
                                    DAVID THORNE, ESQ.
                                    REBECCA J. SCHWARTZ, ESQ.
                                    SHOOK HARDY & BACON, LLP
                                    2555 Grand Boulevard
                                    Kansas City, MO 64108-2613
                                    *Attorneys for Defendant ASN Roosevelt Center LLC
                                    d/b/a Archstone Westbury*

TO:   Richard W. Cohen, Esq.
      *Lowey Dannenberg Bemporad
      Selinger & Cohen, P.C.*
      One North Broadway – Suite 509
      White Plains, NY 10601

            and

      Mark Manus, Esq.
      *Lipsig Shapey Manus & Moverman, P.C.*
      40 Fulton Street
      New York, NY 10038
      *Attorneys for Plaintiff*

Via
Aff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

ANDREA SORRENTINO,                                    Index No.: 07-021135

                                   Plaintiff,         **AFFIRMATION IN SUPPORT
                                                      OF DEFENDANT'S MOTION
                 -against-                            TO DISMISS IN LIEU OF
                                                      ANSWER**

ASN ROOSEVELT CENTER LLC d/b/a ARCHSTONE
WESTBURY,

                                   Defendants.

-------------------------------------------------------------------X

       WILLIAM E. VITA, an attorney duly admitted to practice law before all the Courts of

this State, hereby affirms, under the penalties of perjury, as follows:

                       **I. PRELIMINARY STATEMENT**

       1)      I am a partner in the law firm of Westerman Ball Ederer Miller & Sharfstein,

LLP, co-counsel for ASN Roosevelt Center LLC d/b/a Archstone Westbury ("Archstone") and I

am fully familiar with the facts and circumstances contained herein.

       2)      This Affirmation is submitted in support of Archstone's motion, pursuant to

CPLR §3211(a)(7), dismissing several causes of action in the Class Action Complaint

("Complaint") (a copy of the Complaint is attached as Exhibit "A"), as the plaintiff has failed to

state a cause of action for breach of covenant of quiet enjoyment, unjust enrichment, medical

monitoring, and constructive trust because:

              (i)      plaintiff's Complaint does not state that the plaintiff was physically ousted

from or surrendered her apartment, rather the Complaint states that plaintiff is "currently a tenant

of 1299 Corporate Drive, Westbury, New York", therefore, the Complaint, by its own terms,

does not meet the elements of breach of covenant of quiet enjoyment;

(ii)    plaintiff's Complaint makes no allegation that plaintiff performed any services for the defendants at their request, which is a necessary element of unjust enrichment, further, plaintiff's Complaint alleges the existence of a valid written contract that governs the relationship of the parties, this contract precludes an unjust enrichment claim;

(iii)   New York law does not recognize a cause of action for medical monitoring and even if it did, the elements of a valid medical monitoring claim are not met under the circumstances alleged in the Complaint.

(iv)    plaintiff does not allege that there was a fiduciary duty running from Archstone to the plaintiff, and that the plaintiff transferred property in reliance on promises made by the landlord arising out of that fiduciary duty, therefore, the elements of a constructive trust cause of action are not pled.

## II. FACTS

3)    Archstone is the owner of certain property consisting of twenty-one apartment buildings located at 1299 Corporate Drive, Westbury, N.Y. 11590 (the "Property"). Plaintiff is a tenant of the Property pursuant to written lease dated June 15, 2007 (the "Lease"). A copy of the Lease is attached hereto as Exhibit "B".

4)    On or about November 26, 2007 Archstone notified plaintiff and the other tenants of the Property that she and all of the other tenants would have to vacate their apartments, due to water intrusion issues at the Property which require extensive reconstruction and repair of all twenty-one buildings. A true and correct copy of the letter delivered to tenants on or about November 26, 2007 is attached as Exhibit "C". The circumstances surrounding the water intrusion issues and resulting lease terminations are explained in more detail in the

accompanying Affidavit of Archstone's Vice President, Linda Early. The Affidavit of Linda Early is attached as Exhibit "D."

5)      While some mold has been detected at the Property, its presence is isolated in a limited number of locations, including the spaces between in the exterior and interior wall surfaces, which are enclosed spaces. (*See* Early Affidavit, Exhibit D.)

6)      Due to the extensive nature and scope of the work required, all of the Property's buildings must be vacant during this necessary reconstruction.

7)      As a result, Archstone is forced to terminate plaintiff's Lease (as well as the Leases of all other tenants) pursuant to a termination clause in the Lease and require that the Property be vacated by March 31, 2008.

### III. ARGUMENT

8)      On a motion to dismiss, the court must determine whether the facts alleged by plaintiff fit within a cognizable legal theory. Although a court must take the facts pleaded in the complaint as true, allegations consisting of bare legal conclusions and factual claims flatly contradicted by documentary evidence do not receive such consideration. In addition, a plaintiff's factual allegations in the complaint may be negated by Affidavits and documentary evidence.

9)      Plaintiff's complaint does not state a cause action for breach of quiet enjoyment. Significantly, the Plaintiff does not allege that she has been physically ousted from the Property, or that she has surrendered possession of the Property. Indeed, as set forth above, the Complaint alleges the exact opposite – that plaintiff is currently a resident of the Property and that she may continue to reside there until March 31, 2008.

3

10)    Furthermore, even if there was such an eviction (which is expressly denied), plaintiff's claim fails because there are no damages. As stated in Ms. Early's Affidavit as well as in Archstone's November 26, 2007 letter to plaintiff (and the other tenants of the community), once plaintiff vacates the Property all rent obligations will cease. Moreover, Archstone will provide relocation expenses for plaintiff and all of the other tenants required to vacate the Property. As a result, in addition to the reasons stated above, plaintiff's claim must fail because she has no damages.

11)    Nor does plaintiff state a cause of action for unjust enrichment. Plaintiff specifically alleges the existence of a valid, written agreement that governs the relationship of the parties. Moreover, plaintiff does not allege that she performed any services for Archstone at their request. Rather, plaintiff alleges that Archstone was in breach of the Lease.

12)    In addition, plaintiff fails to state a cause of action for medical monitoring because such an action does not exist under New York law. Even if New York did permit such a cause of action, as explained, in detail, in the Affidavit of Dr. William J. Nassetta, attached as Exhibit "E," the elements of medical monitoring are not met in this case, because plaintiff fails to specifically allege any actual exposure to mold, much less exposure at toxic levels sufficient to state a cause of action upon which relief may be granted.

13)    Plaintiff's complaint also fails to allege any facts necessary to establish a claim for a constructive trust. First, and foremost, plaintiff does not allege the existence of any fiduciary relationship running from Archstone to the plaintiff. Moreover, plaintiff does not allege any promise, transfer made in reliance on that promise, or a breach thereof.

4

14)   It is clear that the plaintiff does not and cannot allege facts necessary to state a cause of action for breach of covenant of quiet enjoyment, unjust enrichment, medical monitoring or constructive trust.

15)   Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in this Affirmation and the annexed documents are not frivolous.

## VI. CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, defendant Archstone respectfully requests that its motion to dismiss in lieu of an Answer be granted in all respects, that it be awarded reasonable attorneys fees for having to bring this motion and that the Court grant any further and other relief as seems just and proper to the Court.

Dated: Mineola, New York
　　　December 14, 2007

WILLIAM E. VITA

5

**Exhibit A**

.REME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------x
ANDREA SORRENTINO,                         :      Index No. 21135/07
                                           :      Purchased: 11-28-07
                           Plaintiff,      :
                                           :
                                           :      Plaintiff designates
                                           :      Nassau County
        - against -                        :
                                           :      **SUMMONS**
ASN ROOSEVELT CENTER LLC d/b/a             :
ARCHSTONE WESTBURY,                        :      Plaintiff resides at:
                                           :      1299 Corporate Drive
                           Defendant.      :      Westbury, New York 11590
                                           :      County of Nassau
                                           :
--------------------------------------------------x

S I R :

        To the above named Defendant:

        You are hereby summoned to answer the annexed Complaint of the Plaintiff, ANDREA

SORRENTINO, a copy of which is herewith served upon you, together with all other pleadings,

and to serve copies of your answer upon the undersigned attorney for Plaintiff within 20 days

after service of the Summons and Complaint, exclusive of the day of service, or within 30 days

after service is complete if this Summons is not personally delivered to you within the state of

New York. In case of your failure to answer the Complaint of the Plaintiff, judgment will be

taken against you by default for the relief demanded in the Complaint.

Dated:  White Plains, NY
        November 28, 2007

                              LOWEY, DANNENBERG BEMPORAD
                              SELINGER & COHEN, P.C.

                              By: _Richard W Cohen_____
                                   Richard W. Cohen
                              One North Broadway – Suite 509
                              White Plains, NY 10601-2310
                              Telephone:    (914) 997-0500

2091 / MISC / 00085398.WPD v1

ASN Roosevelt Center L.L.C.,
d/b/a "Archstone Westbury,"
1299 Corporate Drive
Westbury, NY 11590

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------x
ANDREA SORRENTINO,                              :        Index No.
                                                :
                          Plaintiff,            :
                                                :
                                                :        **CLASS ACTION COMPLAINT**
          - against -                           :
                                                :
ASN ROOSEVELT CENTER LLC d/b/a                  :
ARCHSTONE WESTBURY,                             :        (JURY TRIAL DEMANDED)
                                                :
                          Defendant.            :
                                                :
-------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all other persons similarly situated, by her

undersigned attorneys, for her complaint, alleges upon personal knowledge as to herself and her

own acts, and upon information and belief as to all other matters, based upon, inter alia, the

investigation made by and through her attorneys, as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and the tenants of Archstone

Westbury, a 21 building apartment complex built and maintained by Defendant ASN Roosevelt

Center, L.L.C. d/b/a Archstone Westbury.  On November 27, 2007, Plaintiff was notified that all

of the buildings at Archstone Westbury had experienced "water intrusion issues" and mold

infestation.  All the buildings have to be vacated in order to complete extensive reconstruction

and repair work.  Plaintiff was given until March 31, 2008 to vacate her apartment.

2.      Plaintiff and class members have lived in an unsafe environment, exposed to

hazardous mold, and have suffered and incurred, and will continue to incur, significant property

2091 / CMP / 00085377.WPD v2

damage and other losses as a result of the mold infestation of their apartment buildings and the precipitous termination of their leases.  In addition, Plaintiff and other members of the Class have experienced illnesses of an unexplained nature while residing at Archstone Westbury and remain at risk and have a reasonable apprehension of future illness due to their exposure to mold.

## THE PARTIES

3.     Plaintiff Andrea Sorrentino is a tenant of 1299 Corporate Drive, Westbury, NY, a 21 building apartment complex in Westbury, New York which is known as "Archstone Westbury" and has resided there since June 15, 2006.  Plaintiff executed a lease with Defendant Archstone Westbury for the period between June 15, 2006 and August 14, 2008.

4.     Defendant ASN Roosevelt Center L.L.C., d/b/a "Archstone Westbury," is a Delaware limited liability company with offices at 1299 Corporate Drive, Westbury, New York 11590, and 9200 East Panorama Circle, Englewood, CO 80112. Defendant is listed as the owner of the Archstone Westbury property on the deed filed with the County of Nassau.  Defendant is the landlord and managing agent for the Archstone Westbury apartment complex.  At all times relevant hereto, Defendant, its agents, servants, and/or employees, operated, managed, maintained and controlled the Archstone Westbury apartment complex.

## CLASS ACTION ALLEGATIONS

5.     Plaintiff brings this action on her own behalf and as a class action on behalf of all tenants who lived at Archstone Westbury pursuant to leases with Defendant on or prior to November 27, 2007, and their successors in interest (the "Class").  Excluded from the Class are Defendant and any officer, director, member, partner, parent or subsidiary of Defendant.

6.     This action is properly maintainable as a class action pursuant to CPLR 901 for the following reasons:

a.     The Class of Archstone Westbury tenants for whose benefit this action is

brought is so numerous that joinder of all Class members is impracticable.  There are currently

more than 400 tenants residing at Archstone Westbury.

b.     The exact current number of Class members is unknown to the Plaintiff at

this time, but their identities are known to Defendant and can easily be ascertained through

discovery from Defendant.

c.     There are questions of law and fact which are common to members of the

Class and which predominate over any questions affecting only individual members.  The

common questions include, <u>inter alia</u>, the following:

> (i)     whether Defendant negligently constructed and/or
> managed the 21 building Archstone Westbury apartment complex
> in such as manner as to permit the development of harmful mold
> and other conditions which damaged the health of Archstone
> Westbury tenants at and/or placed them at significant risk or
> reasonable ongoing apprehension of health risk;

> (ii)     whether Plaintiff and the other members of the
> Class have suffered personal injury and/or property damage as a
> result of Defendants' negligence;

> (iii)     whether Defendant breached the implied covenants
> of quiet enjoyment and the warranty of habitability owed to tenants
> under New York law; and

> (iv)     whether Defendants have been unjustly enriched at
> the expense of Plaintiff and the other members of the Class.

d.     Plaintiff is committed to prosecuting this action and has retained

competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the

claims of the other members of the Class, and Plaintiff has the same interests as the other

members of the Class.  Accordingly, Plaintiff is an adequate representative of the Class and will

fairly and adequately protect the interests of the Class.

## FACT ALLEGATIONS

7.     In a letter dated November 2007 (the 'November letter'), Defendant notified Archstone Westbury tenants that all 21 buildings in the apartment complex have experienced severe water damage and that the significant reconstruction necessary cannot be performed while the buildings are occupied.

8.     In the November letter, Archstone Westbury stated that it was still investigating but believes the water intrusion was caused by "a combination of several possible factors involving the construction, design, and the products used to build the Westbury complex."

9.     The November letter confirmed that mold, a serious health hazard, has been found in the spaces between the exterior and interior wall surfaces of the buildings.

10.     In an article dated November 27, 2007, Newsday reported that:

> Hundreds of residents of a brand-new luxury complex in Westbury - home to New York Jets players and low-income residents alike - were told last night that they have four months to leave the mold and mildew-plagued buildings which residents said have sickened them with respiratory ailments.

> ...

> Residents of the three-story, brick-faced units in the gated community near The Source mall called the situation outrageous and disgusting and said they've endured leaky windows and grotesque mold growing right in their homes.

> Katie Coleman, 27, the wife of Jets defensive end Kenyon Coleman, said she and her 2- and 3-year-old children developed nasty coughs soon after she moved into the complex in March, so she got the air in the home tested and complained to management, which she said did not address the problem. But she got a clue that something was really amiss when she saw a massive mold mushrooming on a windowsill in her three-bedroom apartment. She moved out in August.

> "I couldn't clear my throat and my kids had coughs," she said. "Archstone said there wasn't anything wrong, but I had water damage in my apartment and my children were sick."

2091 / CMP / 00085377.WPD v2                           4

11.     A photograph accompanying the article clearly shows a large plume of mold growing inside one of the apartments at Archstone Westbury, belying Defendant's claim in the November letter that the presence of mold is limited to the spaces between the exterior and interior walls of the buildings.

12.     Plaintiff and all other tenants have been given until March 31, 2008 to vacate their apartments.

13.     Plaintiff and the other members of the Class have sustained and will continue to incur significant property damage and other economic damages as a result of the water damage and mold infestation present in their apartments.  Such losses may include but are not limited to the costs of replacing or restoring property damaged by water and/or exposed to mold, the need to have their apartments, clothing and personal possessions inspected for the presence of harmful molds and professionally cleaned, moving expenses and other expenses necessary or incidental to finding new apartments and the costs of diagnostic, curative and preventive medical care for illnesses related to mold exposure.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence against all Defendants)

14.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

15.     Defendant breached its duty under New York law to maintain leased property in a reasonably safe condition under the extant circumstances through their faulty construction and/or operation and maintenance of the Archstone Westbury complex.  The Defendant's failure to have the building constructed and maintained in a manner consistent with industry customs, practice

and standards caused the extensive water intrusion and subsequent mold infestation which rendered all of the apartments unsafe and uninhabitable.

16.     As a direct and proximate result of the negligence of Defendant, Plaintiff and all members of the Class have suffered property damage and actual or potential personal injury, and are entitled to recover from Defendant the damages incurred as a result of the activity complained of above.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Covenant of Quiet Enjoyment)

17.     Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

18.     Plaintiff and all the members of the class have signed lease agreements under the terms of which they are entitled to reside in their apartments until the end of the term of the lease.

19.     Defendant has summarily terminated the leases of all Archstone Westbury tenants and have ordered Plaintiff and the members of the Class to vacate their apartments by March 31, 2008.

20.     As a result of Defendant's termination of the leases of Plaintiff and the members of the Class, the Defendant has breached the Implied Covenant of Quiet Enjoyment and have thereby caused Plaintiff and the members of the Class economic damages.

21.     As a result of the water and mold contamination of their apartments, Defendant has breached the implied covenant of quiet enjoyment and thereby caused Plaintiff and the members of the Class economic damages.

2091 / CMP / 00085377.WPD v2                              6

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach Implied Warranty of Habitability against all Defendants)

22.    Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

23.    By virtue of the acts complained of herein, Defendants have violated New York Real Property Law § 235-b.

24.    The water damage and mold infestation in the apartments of Plaintiff and the other members of the Class created conditions which are dangerous, hazardous and detrimental to the life, health and safety of the Plaintiff and the members of the Class and thus rendered the apartments unfit for human habitation in violation of the Implied Warranty of Habitability under New York Real Property Law § 235-b.

25.    As a result of this violation Plaintiff and the members of the class have suffered damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (For Unjust Enrichment against all Defendants)

26.    Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

27.    By reason of having secured the luxury rent payments of Plaintiff and all the members of the Class without providing safe and habitable apartments or apartments worth the value of the rent due to the undisclosed and unsafe water and mold conditions and the costly health, financial, and life altering changes necessitated thereby, including but not limited to class members' imminent eviction, Defendants have obtained and retained excess rents to their own benefit and to the detriment and exclusion of Plaintiff and the Class, contrary to the fundamental principles of justice, equity and good conscience.

28.    Plaintiff and the Class are entitled to equitable restitution in an amount equal to the benefits unjustly retained by Defendant.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(For Medical Monitoring)**

29.    Plaintiff hereby incorporates by reference all prior allegations contained in the Complaint as if fully set forth herein.

30.    By virtue of the acts complained of herein, Defendants have caused Plaintiff and all the members of the Class reasonable apprehension of serious illness attributable to living in mold-infested apartments at Archstone Westbury.

31.    As a direct and proximate result of the negligence of Defendant, Plaintiff and all members of the Class will need to secure ongoing diagnostic, curative and preventative medical care because of their potential exposure to toxic mold, and Defendant should be required in equity to provide funding for a court-approved medical monitoring process to provide such care.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A.    Declaring that Defendants have negligently caused injury to Plaintiff and other members of the Class;

B.    Declaring that Defendants have breach their implied covenant of quiet enjoyment and warranty of habitability;

C.    Declaring that Defendants have been unjustly enriched;

D.    Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class;

E.    Awarding Plaintiff and the Class abatement of rents paid to Defendants;

2091 / CMP / 00085377.WPD v2                                8

F.    Awarding Plaintiff and the Class compensatory damages, together with

appropriate prejudgment interest at the minimum rate allowable by law;

G.    Awarding Plaintiff and the Class appropriate equitable relief in the form of

medical monitoring and a constructive trust over past and future rents and security deposits;

H.    Awarding Plaintiff and the Class their costs and expenses for the litigation,

including reasonable attorneys' fees and other disbursements; and

I.    Granting such other and further relief as this Court deems to be necessary and

appropriate.

Dated: November 28, 2007

> LOWEY, DANNENBERG BEMPORAD
> SELINGER & COHEN, P.C.
>
> By: _Richard W. Cohen_
>
> Richard W. Cohen
> Jeanne D'Esposito
> Scott V. Papp
> One North Broadway - Suite 509
> White Plains, NY 10601-2310
> telephone:    (914) 997-0500
> telecopier:   (914) 997-0035
>
> *Attorneys for Plaintiff*
>
> - and -
>
> Mark Manus
> LIPSIG SHAPEY MANUS
>     & MOVERMAN, P.C.
> 40 Fulton Street
> New York, NY 10038-1850
> telephone: (212) 285-3300