IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA SORRENTINO, D'ANGELO AND PATRICIA JACKSON, LOUIS APA, STEVEN ANDELMAN, PEEDO AND SAIFON PITUK, MANNY DELMAS AND BARBARA LINDON, CHANDEEP SODHI, JASPRETT SODHI, JACLYN TESORIERO, KIMBERLY CILONE, MARIA VARALLO and HSIANGCHI HSU, individually and on behalf of themselves and all other persons similarly situated, <br><br>                Plaintiffs, <br><br>       -vs.- <br><br> ASN ROOSEVELT CENTER LLC d/b/a ARCHSTONE WESTBURY, ARCHSTONE SMITH COMMUNITIES LLC, ARCHSTONE SMITH OPERATING TRUST, JOHN DOE CORPORATIONS 1 THROUGH X. <br><br>                Defendants. | **Case No.** 08 CV 0550 <br> (Spatt, J.) <br> (Boyle, M.J.) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

## I. PRELIMINARY STATEMENT

Defendants Archstone (f/k/a Archstone Smith Operating Trust), Archstone Communities LLC (f/k/a Archstone-Smith Communities LLC) and Tishman Speyer Archstone-Smith Westbury, L.P. (f/k/a ASN Roosevelt Center LLC) ("Archstone Westbury") by its attorneys, Westerman Ball Ederer Miller & Sharfstein, LLP, and Shook Hardy & Bacon, LLP, hereby submit this Memorandum of Law in support of their Motion, pursuant to FRCP 12(b)(6), to dismiss the Fourth and Fifth Causes of Action of Plaintiffs' Amended Class Action Complaint. Plaintiffs have failed to state a cause of action for medical monitoring or a violation of New York General Business Law § 349.

## II. BACKGROUND

Plaintiffs are current and former tenants of an apartment complex located at 1299 Corporate Drive, Westbury, N.Y. 11590 (the "Westbury Complex"). Beginning on November 26, 2007, Defendants notified Plaintiffs and the other tenants of the Westbury Complex that they would have to vacate their apartments due to water intrusion issues at the Westbury Complex which will require extensive reconstruction and repair of the buildings in the community. (*See* Am. Compl. at ¶ 38) (A copy of Plaintiffs' Amended Complaint is annexed to the Noe Declaration, **Exhibit A**, as Attachment 1.) The letter explained that while some mold had been detected at the site, its presence was primarily in the spaces between the exterior and interior wall surfaces. (*Id.* at ¶ 40.) The notice further explained that, due to the extensive nature and scope of the work required to be done, the buildings would need to be vacant during the reconstruction. (*Id.* at ¶ 38.)

A putative class action was filed by plaintiff Andrea Sorrentino in the Supreme Court of the State of New York, Nassau County, on November 28, 2007, naming Archstone Westbury as

the sole Defendant. After Archstone Westbury moved to dismiss portions of the Class Action Complaint on December 14, 2007, but before Plaintiff responded to that motion, Plaintiff Sorrentino, along with numerous newly-added plaintiffs, filed their Amended Class Action Complaint on January 7, 2008.

Plaintiffs added various new allegations to their Amended Class Action Complaint, including a new claim for Violations of New York General Business Law § 349. They also added sixteen new named plaintiffs and two additional named defendants – Archstone (f/k/a Archstone Smith Operating Trust) and Archstone Communities LLC (f/k/a Archstone-Smith Communities LLC) – along with Doe Corporation Defendants I-X. (*See* Am. Compl. ¶¶ 4-13, 16-18). On February 8, 2008, defendants Archstone and Archstone Communities LLC removed this case from the Supreme Court of the State of New York, Nassau County, to this Court.

## III. ARGUMENT

### A. LEGAL STANDARDS UPON A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, "[g]eneral, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2nd Cir. 1995).

## B. NEW YORK DOES NOT RECOGNIZE A CAUSE OF ACTION FOR MEDICAL MONITORING

The Fourth Count of the Amended Complaint purports to set forth an independent cause of action for medical monitoring. Plaintiffs allege that Defendants "have caused Plaintiffs and all the members of the Class reasonable apprehension of serious illness attributable to living in apartments at the Archstone Complex which are infected with mold and/or contain elevated levels of bacteria." (Am. Compl. at ¶ 62.) Plaintiffs further allege that the putative Class "will need to secure ongoing diagnostic, curative and preventative medical care because of their potential exposure to toxic mold" and that "Defendants should be required in equity to provide funding for a court-approved medical monitoring process to provide such care." (*Id.* at ¶ 63.)

Plaintiffs' independent cause of action for medical monitoring must be dismissed because (1) the New York Court of Appeals has never recognized medical monitoring as a separate cause of action; and (2) no New York court has ever recognized such a remedy as an equitable form of relief. Moreover, even assuming *arguendo* that an independent claim for medical monitoring was recognized by law or equity, the Amended Complaint fails to allege facts establishing either (1) that Plaintiffs' alleged need for medical monitoring is premised on actual exposure to toxic mold or elevated levels of bacteria that was caused by the Defendants, or (2) that they have any physical manifestation of exposure.

1.  **The New York Court of Appeals Has Never Recognized Medical Monitoring As A Independent Cause of Action Available Under New York Law.**

The New York Court of Appeals has never recognized medical monitoring as an independent cause of action. The only New York appellate courts to consider medical monitoring have treated it merely as a form of consequential damages, and not as an independent cause of action. In *Askey v. Occidental Chemical Corp.*, 102 A.D.2d 130, 477 N.Y.S.2d 242 (4th Dep't 1984), for instance, plaintiffs sought certification of a class exposed to toxic substances

from a landfill and sought monetary recovery for either physical injuries or for medical monitoring to screen for potential future injuries. The Appellate Division affirmed denial of class certification, but acknowledged that the future expense of medical monitoring *could be* recoverable as a component of damages "provided that plaintiffs can establish with a reasonable degree of medical certainty that such expenditures are 'reasonably anticipated' to be incurred by reason of their exposure." *Id.* at 136-37.

Since *Askey*, appellate courts in New York have continued to characterize medical monitoring merely as a form of damages relief available within the context of fear-of-cancer claims, sometimes describing it as "future medical expenses," or "future medical monitoring costs." No court has recognized medical monitoring as an independent cause of action or as a form of equitable relief as plaintiffs request here. *See Dangler v. Town of Whitestown*, 241 A.D.2d 290, 293, 672 N.Y.S.2d 188, 189 (4th Dep't 1998) (recognizing future medical monitoring costs are an item of "damages" recoverable for plaintiffs' "cancerphobia" claim; offering no discussion of medical monitoring as equitable relief); *Abusio v. Consolidated Edison Co. of N.Y., Inc.*, 238 A.D.2d 454, 455, 656 N.Y.S.2d 371, 372 (2d Dep't 1997) (affirming verdict for defendant, characterizing the damage for future medical monitoring costs as those arising out of "fear of developing cancer" claim; providing no discussion of medical monitoring as equitable relief); *Acevedo v. Consolidated Edison Co. of N.Y.*, 189 A.D.2d 497, 501-02, 596 N.Y.S.2d 68, 71-72 (1st Dep't 1993) (characterizing recovery sought in worker's compensation claim as "medical monitoring *costs*"); *Jones v. Utils. Painting Corp.*, 198 A.D.2d 268, 268, 603 N.Y.S. 2d 546, 546 (2d Dep't 1993) (action "to recover damages for future medical monitoring costs" dismissed based on failure to state a claim); *see also Rittenhouse v. St. Regis Hotel Joint Venture*, 149 Misc.2d 452, 454-455, 565 N.Y.S.2d 365 (1990), *mod. on other grounds* 180

4

A.D.2d 523, 579 N.Y.S.2d 100 (outlining the development of fear of cancer claims under New York law).

Here, the language of Plaintiffs' Amended Class Action Complaint confirms the remedial nature of the medical monitoring relief sought. Plaintiffs deliberately plead their request for medical monitoring relief "[a]s a direct and proximate result of the negligence of Defendant." (Am. Compl. at ¶63.) Because they demand medical monitoring as a form of damages incidental to their negligence claim (Count I), and because New York does not expressly recognize an independent cause of action for medical monitoring, Defendants respectfully request that Plaintiffs' independent cause of action for medical monitoring (Count IV) be dismissed.

### 2.  Plaintiffs Fail to Allege Actionable Toxic Exposure.

Even if the Court were to assume that an independent claim for medical monitoring is recognized under New York law, Plaintiffs' Fourth Cause of Action must still be dismissed. Plaintiffs failed to allege that their claim is premised on actual exposure to toxic mold or elevated levels of bacteria or that they have any physical manifestation of exposure.

As stated above, appellate courts in New York have recognized medical monitoring only as a form of relief available in the limited context of fear-of-cancer claims. *See Allen v. Gen. Elec. Co.*, 32 A.D.3d 1163, 821 N.Y.S.2d 692, 694 (4th Dep't 2006) (citing *Abusio*, 238 A.D.2d at 454-55; *Askey*, 102 A.D.2d at 136-37). In this discreet context, "to maintain a cause of action for fear of developing cancer or for future medical monitoring costs following exposure to a toxic substance ... a plaintiff must establish both that he or she was in fact exposed to the disease-causing agent and that there is a *'rational basis'* for his or her fear of contracting the disease." *Abusio*, 238 A.D.2d at 454-55 (emphasis added) (discussing fear of cancer from exposure to polychlorinated byphenyls (PCBs)); *Dangler*, 241 A.D.2d at 293 (discussing fear-of-cancer claim from landfill exposure). This "rational basis" requirement has been construed to

5

mean the clinically demonstrable presence of the toxic substance in the plaintiff's body, or some indication of exposure-related disease, *i.e.*, some physical manifestation of contamination. *Id.*, citing *Wolff v. A-One Oil, Inc.*, 216 A.D.2d 291, 292, 627 N.Y.S.2d 788, 789 (1995) (recognizing claim for fear of cancer due to asbestos exposure).

Plaintiffs' medical monitoring claim is not based on any allegation that they were *actually* exposed to mold and/or elevated levels of bacteria. In fact, Plaintiffs allege only that their request for medical monitoring relief is based on "*potential* exposure to toxic mold." (Am. Compl. at ¶ 63 (emphasis added)). And Plaintiffs never allege that their need for medical monitoring is based on any exposure, potential or actual, to "elevated levels of bacteria." (*Id.*) Because Plaintiffs do not allege any actual exposure, they also cannot (and did not) allege any physical manifestation of exposure. Furthermore, the Amended Complaint contains no allegation identifying what condition(s) or disease Plaintiffs believe themselves to be at increased risk of – making satisfaction of the "rational basis" requirement impossible. On its face, the Amended Complaint fails to meet any of the established criteria for the medical monitoring remedy, and Count IV should therefore be dismissed.

### C. THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF NEW YORK GENERAL BUSINESS LAW § 349

Plaintiffs neither state a cause of action nor have a cause of action for breach of New York General Business Law § 349 ("Section 349") as alleged in the Fifth Cause of Action of the Amended Complaint. (*See* Am. Compl at ¶¶ 64-69.)

New York law is clear that in order to maintain an action for breach of Section 349, a plaintiff must allege (1) acts or practices that are "consumer-oriented," (2) that such acts or practices are deceptive or misleading in a material way, and (3) that plaintiff has been injured as a result. *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp.2d 434, 438 (S.D.N.Y. 2004)

(internal citations omitted). Plaintiffs must plead and prove that the alleged conduct was "consumer-oriented" as a threshold matter:

> [P]arties claiming the benefit of the section [349] must, at a threshold, charge conduct that is consumer oriented. The conduct need not be repetitive or recurring but defendant's acts or practices must have a broad impact on consumers at large; "[p]rivate contract disputes unique to the parties ... would not fall within the ambit of the statute."

*New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290, 662 N.E.2d 763, 770 (1995) (internal citations omitted); *see also Vitolo v. Mentor H/S., Inc.*, 426 F. Supp.2d 28, 34 (E.D.N.Y. 2006) ("The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor.") (internal citations omitted).

Plaintiffs asserting a Section 349 claim are additionally subjected to a heightened pleading requirement and cannot rest on conclusory allegations:

> Plaintiff must allege with some specificity the allegedly deceptive acts or practices that form the basis for the claim. Thus, conclusory allegations, even the existence of a claim settlement policy designed to deceive the public, are not sufficient to state a claim under Section 349 in the absence of factual allegations in support thereof.

*Lava*, 326 F. Supp.2d at 438 (internal citations omitted); *see also Harary v. Allstate Ins. Co.*, 983 F. Supp. 95, 99 (E.D.N.Y. 1997) (granting motion to dismiss plaintiff's Section 349 claim due to failure to satisfy heightened pleading requirements).

Plaintiffs fail as a matter of law to satisfy either the procedural or the substantive pleading requirements of Section 349. Plaintiffs have not met their heightened burden to plead with specificity that Defendants engaged in deceptive conduct that was "consumer-oriented" or that had a "broad impact on consumers at large." Although they attempt to gloss over this deficiency by summarily alleging that Defendants marketed and advertised their apartments "to

7

the public at large" and utilized form leases at the Westbury Complex, Plaintiffs never allege that those advertisements were deceptive or that the form leases themselves were in any way misleading. (Am. Compl. at ¶¶ 65, 66.)

Indeed, the alleged non-disclosures asserted by Plaintiffs in paragraph 67 of the Amended Complaint are plainly in the nature of "failure to disclose" or "fraud in the inducement" that could only occur during individual rental contract negotiations between the parties. Even if such omissions were pleaded with the requisite specificity and were otherwise actionable (which Defendants expressly deny), they do not demonstrate applicability to "consumers at large." Plaintiffs themselves make no attempt to allege that those non-disclosures were directed to and affected "consumers at large." Plaintiffs' references to advertisements and form leases are nothing more than red herrings and do not in and of themselves serve to satisfy their heightened pleading requirement under Section 349. *See Harary*, 983 F. Supp. at 99 (finding conclusory allegation that defendant's conduct injured the public at large insufficient to state a claim where other allegations evidenced dispute between the parties only). Because Plaintiffs failed to plead with specificity consumer-oriented conduct that had a "broad impact on consumers at large," Plaintiffs' pleading is insufficient as a matter of law.

Even setting aside Plaintiffs' pleading failures, Count V must still be dismissed because this case simply does not involve the type of "broad impact on consumers at large" that Section 349 requires. Plaintiffs allege that Defendants failed to disclose information to the Plaintiffs during individual contract negotiations pertaining to a single apartment complex. Plaintiffs cannot allege that this conduct had the potential to impact "consumers at large." Similar Section 349 claims have been dismissed as a matter of law. In *Thompson v. Parkchester Apartments Co.*, 271 A.D.2d 311, 706 N.Y.S.2d 637 (1st Dept. 2000), multiple plaintiffs alleged fraud in

8

connection with the purchase of condominium units within defendant's apartment complex. *Id.* The court characterized the plaintiffs' claims as "involving faulty plumbing and what the individual plaintiffs were told about the condition of the plumbing when they purchased their individual units." *Id.* at 311-12. The court dismissed all four plaintiff's claims, finding that plaintiffs could not show that "the alleged deceptive acts, if permitted to continue, would have a broad impact on consumers at large." *Id.* at 311. Rather, the claims were "unique to the parties at this particular complex, and thus do[] not fall within the ambit of the statute." *Id.* at 312; *see also Vitolo,* 426 F. Supp.2d at 33 (holding that Section 349 was not meant to "supplant an action to recover damages for breach of contract between parties to an arm's length contract.") (internal citations omitted). The same conclusion should be reached here, as Plaintiffs' allegations are unique to the Westbury Complex and limited to the tenants thereof. The alleged fraud could not have had any impact on "consumers at large," nor do Plaintiffs allege that it did.

For all of these reasons, Defendants therefore respectfully request that this Court dismiss Plaintiffs' Fifth Cause of Action for Violations of New York General Business Law § 349.

## CONCLUSION

For the reasons stated above, as well as in the accompanying Declaration of Jennifer L. Noe, with exhibits, Defendants respectfully request that this Court dismiss Plaintiffs' fourth and fifth causes of action against it and for such other and further relief as to this Court seems just and proper.

Dated: Mineola, New York
       February 15, 2008

                                      WESTERMAN BALL EDERER MILLER
                                      & SHARFSTEIN, LLP

                                  By: _/s/ Jennifer L. Noe_____
                                       JENNIFER L. NOE, ESQ. (JN4100)
                                       WILLIAM E. VITA, ESQ. (WV1859)
                                       170 Old Country Road, 4th Floor
                                       Mineola, New York 11501
                                       Tel:  (516) 622-9200
                                       Fax: (516) 622-9212
                                            and
                                       PETER STRAND, ESQ.
                                       DAVID THORNE, ESQ.
                                       REBECCA J. SCHWARTZ, ESQ.
                                       SHOOK HARDY & BACON, LLP
                                       2555 Grand Boulevard
                                       Kansas City, MO  64108-2613
                                       *Attorneys for Defendants*